IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT C. WAYNE | : | |
|     Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-5536 |
| FUJI PHOTO FILM USA, INC. | : | |
| | : | |
|     Defendant | : | |

GOLDEN, J.                                                                                       AUGUST 12, 2008

## MEMORANDUM OPINION

    Defendant moves the Court to transfer venue of the above captioned proceeding to either the District of New Jersey or the Southern District of New York pursuant to 28 U.S.C. § 1404(a). After consideration of the relevant private and public factors as provided in Third Circuit case law, the Court will grant defendant's motion and transfer the case to the District of New Jersey.

## FACTS

    Plaintiff has brought the instant action against defendant based on alleged violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.C.S. § 621, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, arising out of the termination of his employment. He alleges discrimination and retaliation based on his age and disability.

    Plaintiff was hired in 1991 and employed by Fuji as a Technical Representative for fifteen years. He claims his termination was based "solely on his age" (Compl. ¶ 9), having been 48 years old when his employment was terminated. He also claims defendant knowingly and purposely terminated his employment based upon its knowledge that plaintiff suffers from multiple sclerosis. (Compl. ¶¶ 18-25).

While plaintiff generally worked out of his home office in Pennsylvania and traveled throughout the United States (Pl.'s Br. at 3), he was technically employed out of defendant's Edison, New Jersey office, and for the last four years of his employment much of plaintiff's time was spent in the Edison office. (Def.'s Reply at 2).

## RELEVANT AUTHORITY

28 U.S.C. § 1404(a) states, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In interpreting this statute, the Court of Appeals for the Third Circuit has indicated that more than those factors mentioned in § 1404(a) should be considered. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). While there is no specific formula, the Court states several private and public interests that should be considered when determining whether to transfer venue. The relevant private interests include:
1) plaintiff's forum preference as manifested in the original choice; 2) the defendant's forum preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties as indicated by their relative physical and financial condition; 5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and 6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). Id. at 879 (internal citations omitted); Superior Precast v. Safeco Ins. Co. of America, 71 F. Supp. 2d 438, 445 (E.D. Pa. 1999).

The public interests considered relevant by the Third Circuit are: 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or

inexpensive; 3) the relative administrative difficulty in the two fora resulting from court congestion; 4) the local interest in deciding local controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80 (internal citations omitted).

Further, the Court notes that "[t]he burden of establishing the need for transfer still rests with the movant," id. at 879 (citing Shutte v. Armco Steel Corp., 431 F.2d 22 (3d. Cir. 1970)), and "in ruling on defendant['s] motion the plaintiff's choice of venue should not be lightly disturbed." Id. at 879 (internal quotations omitted).

## ANALYSIS

### A.  Private Interest Factors

Generally, the paramount private interest factor is the plaintiff's choice of forum. However, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." Cameli v. WNEP-16 The News Station, et al., 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001) (citing Visual Software Solutions v. Managed Health Car Assocs., No. 00-1401, 2000 WL 1056446, at *2 (E.D. Pa. Aug. 1, 2000) and Stealth Audio Alarm & Pet Containment Sys., Inc. v. Orion Eng'g, Inc., No. 96-7931, 1997 WL 597653, at *4 (E.D. Pa. Sept. 19, 1997) (holding same). Plaintiff worked as a Technical Representative for Fuji and generally worked out of a home office in Pennsylvania. However, he reported to the Edison, NJ branch, spent much of his time for the last four years of his employment in the Edison, NJ facility, and the allegedly unlawful termination occurred at that location. (Def.'s Reply at 2). Thus, Plaintiff's choice in forum in the Eastern District is a factor

worthy of consideration, but not one of paramount importance because the operative facts giving rise to plaintiff's cause of action arose in the District of New Jersey.  See Cameli, supra.

With regard to the second private interest factor, defendant's forum preference, defendant has an obvious preference to conduct the trial in the Southern District of New York or the District of New Jersey as its headquarters is in New York, has offices in New Jersey, and minimal ties to Pennsylvania.  The third factor weighs in favor of transfer to the District of New Jersey, as the Court finds that plaintiff's claims arose in defendant's Edison, NJ office.  Plaintiff argues that his employment was grounded in Pennsylvania because he generally worked from his home office and traveled through the country to perform job duties.  He reasons that Pennsylvania is appropriate because that is where he was based, paid taxes, voted, and resided since 1992.  (Pl.'s Brief at 7).  While this may be true, plaintiff was an employee of defendant based out of its Edison, NJ office.  He reported to management in this office, attended meetings in this office, his telephone extension was listed out of this office, and defendant's alleged violations of the ADA and ADEA occurred at this office.  (Def.'s Reply at 2-3).  Accordingly, plaintiff's claims of discrimination arose in the District of New Jersey.

The next private interest factor, the convenience of the parties, favors transfer to the District of New Jersey.  Plaintiff often traveled to New Jersey for business.  See J.L. Souser & Assocs., Inc. v. J&J Snack Food Corp., No. 06-2043, 2007 WL 1217690, *4 (M.D. Pa. April 24, 2007) ("Plaintiff's numerous trips to New Jersey . . . tend to show that the inconvenience associated with [Plaintiff's] travel to New Jersey is not so great as to render it impractical.").  The adverse employment action occurred in defendant's New Jersey office, and its corporate

4

headquarters, where the adverse employment decision was made, is in New York. The District of New Jersey may provide a minor inconvenience to both parties, as some travel and relocation of documents will be required, but it is the appropriate venue as the unlawful employment practice is alleged to have been committed there. Accordingly, the Court has determined that the convenience of the parties does not significantly favor either side, but jurisdiction should lay where the unlawful employment practice was allegedly committed.

As to the fifth factor, the convenience of the witnesses, plaintiff claims that some witnesses, such as plaintiff's doctors, are located in the Eastern District of Pennsylvania and travel to the District of New Jersey would be burdensome. The Court acknowledges this as a relevant consideration. However, this factor requires the Court to consider the convenience of the witnesses only to the extent that they may actually be unavailable for trial in one of the fora. While plaintiff does not argue that his doctors would be unavailable for trial, defendant's argument that some of the witnesses who made the adverse employment decision are out of the Court's 100-mile subpoena power[1] weighs in favor of transfer. Thus, the fifth factor also weighs in favor of transfer to the District of New Jersey.

The final private interest factor, the location of books and records, favors neither side. According to the defendant, all of the files regarding defendant's decision to terminate plaintiff's employment are located in New York and New Jersey. Plaintiff contends many of his files and

---

[1] Defendant notes that several of the relevant witnesses who made the adverse employment decision are located in Valhalla, New York, which is approximately 160 miles from the Reading Station and approximately 125 miles from the Philadelphia Courthouse. Federal Rule of Civil Procedure 45(b)(2) empowers the Court to issue a subpoena compelling a witness to appear at trial if the witness appears within 100 miles of the courthouse where the trial is being held. Valhalla, New York is located approximately 40 miles from the Newark, New Jersey courthouse and 95 miles from the Trenton, New Jersey courthouse, both of which would make the witnesses subject to the Court's subpoena power pursuant to Rule 45(b)(2).

much of his evidence is located in the Eastern District of Pennsylvania. Since there is no reason that either party could not produce their documents in the District of New Jersey, this factor carries no weight.

An analysis of the private interest factors leads the Court to conclude that several of the factors weigh in favor a transfer. Plaintiff's choice of forum weighs slightly against transfer while defendant's preference and the location where the claim arose strongly favor transfer.

The Court has considered the arguments of both parties with regard to the other factors and concludes they slightly weigh in favor of transfer.

B.   Public Interest Factors

Several of the public interest factors are not relevant considerations in the instant case. The Court's ability to enforce the judgment, public policies of the fora, and the familiarity of the trial judge with the applicable state law will not affect the fair and convenient adjudication of this case whether in the Eastern District of Pennsylvania or the District of New Jersey.

Further, the practical considerations that could make the trial easy, expeditious, or inexpensive do not weigh significantly for, or against, transfer. While both parties will have witnesses that must travel regardless of whether the trial is held in the Eastern District of Pennsylvania or the District of New Jersey, defendant's witnesses will need to travel farther if venue remained with this Court. Also, any relevant documents defendant may have in its New York headquarters would need to be produced in either district. Consequently, these factors do not tip the balance in either direction.

The relative administrative difficulty in the two fora resulting from court congestion

somewhat favor transfer.  Defendant contends, as illustrated by Exhibit I in its brief, that filings of new cases in the Eastern District of Pennsylvania in 2006 and 2007 are more than twice the filings in the District of New Jersey over the same period.  This argument has some merit and the Court so acknowledges, but the evaluation of relative congestion of court dockets in motions to transfer is generally not one worthy of great weight.  <u>Leading Edge Logistics, Inc. v. Central Trucking, Inc.</u>, No. 05-1299, 2005 WL 1417131, at *2 (E.D. Pa. June 16, 2005); <u>Gen. Refractories Co. v. Washington Mills Electro Minerals Corp.</u>, No. 94-6332, 1995 WL 361164, at *5 (E.D. Pa. June 16, 1995) (holding same).

The final relevant public interest factor is New Jersey's local interest in deciding local controversies at home.  Plaintiff brings this action for age and disability discrimination based on his firing from a job based in New Jersey.  He states that the employees who occupy the Edison, New Jersey office are managers and technical specialists.  (Pl.'s Br. at 7).  If plaintiff proves his case, the company and management in New Jersey will be accountable for their discriminatory actions.  Thus, the other employees who may be subject to discrimination in that office have an interest in having this controversy decided in New Jersey.  Accordingly, this factor also weighs in favor of transfer.

## CONCLUSION

After considering each of the public and private interest factors individually and collectively, the Court concludes that transfer to the District of New Jersey is favored in this case.  Plaintiff's choice of venue does not deserve its usual deference because the operative facts giving rise to his cause of action did not arise in this district.  Of the remaining relevant factors, four

weigh in favor of transfer and none weigh against transfer.

 An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| SCOTT C. WAYNE | | : | |
| | Plaintiff | : | CIVIL ACTION |
| | | : | |
| vs. | | : | |
| | | : | NO. 07-CV-5536 |
| FUJI PHOTO FILM USA, INC. | | : | |
| | | : | |
| | Defendant | : | |

**<u>ORDER</u>**

AND NOW this 12th day of August, 2008, after consideration of defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a), plaintiff's Response thereto, and defendant's Reply, it is hereby ORDERED that defendant's Motion (Docket No. 6) is GRANTED.

IT IS FURTHER ORDERED that the instant action be TRANSFERRED to the District of New Jersey.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.